IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE PEREZ, Jr., | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-1390 |
| | § | |
| DOUG DRETKE, | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. Petitioner is incarcerated in the Texas Department of Criminal Justice. For the reasons stated below, this Court DISMISSES the application as time barred under 28 U.S.C. § 2244(d).

Petitioner challenges a conviction for aggravated robbery in cause number 841,387 in the 178th District Court of Harris County, Texas. The state court sentenced Petitioner to 12 years imprisonment in a judgment of conviction entered on August 23, 2000. Petitioner appealed, and the Texas Court of Appeals dismissed the appeal on October 25, 2001. Petitioner did not petition for discretionary review. Petitioner filed a state writ application on December 20, 2004, which the Texas Court of Criminal Appeals denied on April 6, 2005. Petitioner constructively filed this federal application on April 15, 2005.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 1996).

Petitioner's conviction became final on November 24, 2001. That date is the last day to petition for discretionary review. *See* Tex. R. App. Proc. 68.2(a). There is no showing that subsections (B), (C), and (D) of § 2244(d)(1) apply to Petitioner's claims. The limitation period expired a year later, on November 24, 2002, absent tolling.

Petitioner filed his state writ application more than two years after the limitation period expired. The pendency of Petitioner's state application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because he did not file it until after the limitation period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner filed this writ application on April 15, 2005. That is more than two years after the statute of limitations expired on November 24, 2002. Petitioner's federal application is time barred.

The federal courts are authorized to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Accordingly, it is ORDERED that this action be DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). For this reason, this Court finds that a certificate of appealability should not issue in this case.

SIGNED the 26th day of April, 2005.

David Hittner
United States District Judge